COMMONWEALTH *v.* THOMAS CURLEY.

[Abstract Kentucky Law Reporter, Vol. 3—331.]

### Criminal Law—Cutting and Carrying Away Trees.

It is not necessary to a charge of felony in an indictment for cutting and carrying away trees, when the word feloniously is used

in stating the motive of the offender, to allege that the offense was committed without the consent of the person injured by its perpetration; his consent, if it was given, is a matter of defense.

APPEAL FROM OHIO CIRCUIT COURT.

October 8, 1881.

OPINION BY JUDGE HARGIS:

The indictment charges that the accused "did in the county of Ohio on the —— day of November, 1880, and before the finding of this indictment, feloniously cut down and carry away a number of trees (the exact number the grand jury are unable to find out), being timber growing on the lands of E. Black and being of less than twenty and more than five dollars in value, without having any title or color of title in himself to the land upon which said timber was growing or to the said timber."

The other parts of the indictment are unobjectionable. To it the appellee filed a demurrer which was sustained and the appellant appeals. Gen. Stat. (1879), Ch. 29, Art. 11, §§ 10, 11, as follows: §.10. "Any person who shall feloniously cut or saw down and carry away timber growing upon the lands of another, of the value of twenty dollars or more, and without color of title in himself to the land upon which said timber was growing, or to said timber, shall be confined in the penitentiary for a period of one year." § 11. "If such timber so cut and carried away shall be of less value than twenty and more than five dollars; the offense shall be punished by a fine * * * or imprisonment," etc.

The indictment contains all the essential elements which are required to constitute the statutory offense charged. The averment that he feloniously cut down and carried away the trees growing on the lands of Black without having any title or color of title in himself to the lands on which they were growing, or to the trees, sufficiently charges that the accused did not have the consent of Black to cut down and carry away his trees. It is not necessary to a charge of felony, when the word "feloniously" is used in stating or describing the motive of the offender, to allege that the offense was committed without the consent of the person injured by its perpetration. Black's consent is a matter of defense which, if it existed and should be proven, will furnish a complete exoneration of the accused.

The same facts, except the value of the timber, are necessary to a conviction under each section. The difference in the penalty fixed by them is based on the value, and it was therefore properly stated in the indictment.

Judgment *reversed* and cause remanded with directions to overrule the demurrer.

*P. W. Hardin, for appellant.*